The Honorable John M. Graves Circuit Judge, 13th Judicial District Ouachita County Courthouse 145 Jefferson Street Camden, AR 71701
Dear Judge Graves:
This is in response to your request for an opinion regarding reimbursement for court reporters' expenses. You note that under state travel regulations adopted by the Department of Finance and Administration, reimbursement for meals is limited to those instances in which the officer or employee incurs an overnight stay. You have questioned whether this requirement applies to circuit and chancery court reporters.
It is my opinion that the court reporters are in all likelihood exempt from this travel regulation pursuant to A.C.A. § 19-4-904(a) (Repl. 1994), wherein it states:
 The limitations of this subchapter relating to travel regulations shall not be applicable to the constitutional or elective officials and their employees[.]
The regulation in question was, as you note, promulgated by the Department of Finance and Administration under the travel regulations subchapter, i.e., Subchapter 9 of Chapter 4 of Title 19. See A.C.A. §19-4-901 (Repl. 1994). Regarding the exemption set out above, it seems clear that the court reporters are employees of elective officials. They are appointed by the circuit and chancery court judges (A.C.A. §§16-13-503 and -504); and the judges have "similar power and authority regarding the employment of official court reporters." A.C.A. §16-13-502. It may reasonably be concluded from these provisions that the exemption in § 19-4-904(a) for "elective officials and their employees" encompasses court reporters.
The provision governing reimbursement for court reporters' expenses is found at A.C.A. § 16-13-505 (Repl. 1994), which states in relevant part as follows under subsection (a):
 The official court reporters of the respective circuit and chancery courts shall be entitled to reimbursement for actual expenses incurred for meals, lodging, and transportation costs for attending court away from the reporter's official station.
This Code section contains no requirement concerning an overnight stay. In the absence of such a requirement in § 16-13-505, and in view of the exemption in § 19-4-904 noted above, I must conclude that overnight travel is not a prerequisite for reimbursement of the court reporters' expenses.[1]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] This conclusion is further buttressed by the provision governing transportation costs, which authorizes reimbursement for mileage "at the rate prescribed for state employees in the state travel regulations." A.C.A. § 16-13-505(a). Had the legislature intended to impose the overnight stay limitation, it presumably would have so specified.